IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRADLEY RYAN ROOP, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:21-CV-00482-JCB-KNM |
| | § | |
| JOHN MOORE, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT & RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 14). This case is referred to the undersigned for all pretrial matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1). Doc. No. 24. Having reviewed the motion, response, and reply, the Court **RECOMMENDS GRANTING** Defendant's Motion to Dismiss (Doc. No. 14).

### BACKGROUND[1]

This matter arises out of a criminal proceeding in Harrison County, Texas.[2] In November 2018, Plaintiff, then a Harrison County Sheriff's Deputy, was implicated in a § 1983 action involving the alleged excessive use of force by another Harrison County Sheriff's Deputy, Charles Dotson.[3] According to Plaintiff, he and several other officers were implicated, but Plaintiff ultimately incurred no liability. However, the "Dotson Incident" was subsequently investigated by the Harrison County Texas District Attorney's Office, and an indictment was returned against

---

[1] *See generally* Pl.'s Amend. Compl., Doc. No. 12. The background facts set forth here are Plaintiff's allegations in his pleadings, which the Court takes as true when considering a motion to dismiss. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).
[2] *The State of Texas v. Bradley Ryan Roop*, Cause No. 19–0438X. Pl.'s Ex. 1, Doc. No. 12-1.
[3] Compl., Doc. No. 12 at 3–5.

Deputy Dotson in Cause Number 19-0154X.[4] Near the return of that indictment, Harrison County District Attorney Reid McCain recused himself, citing a conflict. The 71st District Court of Harrison County then issued an order granting the recusal request and appointing Defendant John Moore as prosecutor pro tem in Cause Number 19-0154X.[5]

Three more indictments were returned, including one against Plaintiff pursuant to Texas Penal Code § 37.09 (tampering with or fabricating physical evidence) in Cause Number 19-0438X.[6] A warrant was issued for Plaintiff's arrest on February 14, 2020, and Plaintiff was arraigned on March 10, 2020.[7] At the August 20, 2020, pretrial hearing before the Honorable Judge Brad Morin, Defendant Moore appeared on behalf of the State of Texas.[8] Mr. Kenneth Biggs (Plaintiff's criminal defense attorney) noted for the record that Defendant Moore had not been appointed as prosecutor pro tem in Plaintiff's criminal case. In response, Defendant Moore stated that he had presented the case to the grand jury that resulted in the three additional indictments, and that he thought that he was appointed for all indictments coming out of the Dotson Incident.[9]

Mr. Biggs objected to Defendant's involvement in Plaintiff's criminal case, citing to Section 207 of the Texas Code of Criminal Procedure, which as amended in September 2019, rendered Defendant Moore ineligible for appointment.[10] Defendant Moore confirmed that he did not have an order appointing him as prosecutor pro tem in Plaintiff's criminal case, but suggested that if the court did appoint him, that it would date retroactively to his original appointment in the

---

[4] Cause Number 19-0154X.
[5] The order appointing Defendant in Deputy Dotson's case is not before the Court. However, the parties do not dispute that Defendant was validly appointed in Cause Number 19-0154X.
[6] Transcript Record, Cause No. 19-0438X, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 1, Doc. No. 12-1 at 4. ¶¶ 6, 15-18 (Deputy Dotson was indicted on Cause Numbers 19-0436X & 19-0437X).
[7] Register of Actions, Case No. 19-0483X, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 3, Doc. No. 12-3.
[8] Transcript Record, Cause No. 19-0438X, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 1, Doc. No. 12-1.
[9] Transcript Record, Cause No. 19-0438X, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 1, Doc. No. 12-1 at 5.
[10] As amended, to be eligible for appointment as prosecutor pro tem, the attorney must be either "a county attorney with criminal jurisdiction, a district attorney, or a criminal district attorney." Tex. Code of Crim. Proc., Ann. art. 2.07 (West), effective Sept. 1, 2019.

Dotson case. District Attorney, Reid McCain, who was present in the courtroom, advised the court that he was recently informed about a potential conflict in Plaintiff's criminal case, and that he had prepared a motion to recuse and an order appointing a prosecutor pro tem. Mr. Biggs again objected to Defendant Moore's appointment as prosecutor pro tem. Rather than proceed, the court reset the pretrial hearing and asked Defendant to research the potential retroactivity for appointment in Plaintiff's criminal case. That same day, the District Attorney filed a motion to recuse himself, and on October 6, 2020, Judge Brad Morin issued an order appointing Courtney Shelton as prosecutor pro tem.[11] Plaintiff's criminal case, Cause No. 19-0438X, was ultimately dismissed on December 14, 2020.

## PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit pursuant to 42 U.S.C § 1983, alleging violations of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and state law claims for malicious prosecution and abuse of process.[12] In his Amended Complaint, Plaintiff alleges that Defendant violated § 1983 through actions taken on behalf of the State of Texas as prosecutor pro tem. Plaintiff states that he was wrongfully pursued, arrested, and prosecuted as a result of Defendant's decision to bring criminal proceedings against him. Plaintiff argues that Defendant's actions were outside the allocated purview of the order appointing him. Specifically, Plaintiff asserts that Defendant was not appointed as prosecutor pro tem in Plaintiff's case on December 19, 2019, the date Plaintiff was indicted. Thus, according to Plaintiff, Defendant acted without any authority and in the absence of all jurisdiction in every action Defendant took in Plaintiff's criminal case. Plaintiff asserts that he was unreasonably and unlawfully detained in violation of his rights under the Fourth Amendment. Further, Plaintiff alleges that he was deprived of liberty and

---

[11] Ord. App. Atty. Pro Tem, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 2, Doc. No. 12-2.
[12] *See* Amend. Comp., Doc. No. 12 at 6–10.

3

property without due process in violation of his rights under the Fourteenth Amendment. Plaintiff states that Defendant fabricated authority and coerced and misled others in his pursuit of the criminal action against him. Plaintiff states that his primary occupation is "working with military bomb dogs," and that at the time of his indictment he was working as a civilian contractor for the Department of Defense.[13] Plaintiff alleges that as a result of Defendant's actions, Plaintiff lost substantial earnings and incurred penalties from taking early draws from his retirement savings. Plaintiff further alleges that he is unable to secure employment via further government contracts with the Department of Defense and other law enforcement agencies. Plaintiff asserts that because of Defendant's malicious and intentional conduct, he suffered "loss of liberty, loss of earnings, great mental anguish, humiliation, emotional pain and suffering, and other grievous and continuing injuries and damages."[14]

Defendant filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[15] Defendant first argues that Plaintiff failed to sufficiently plead a valid federal claim to properly invoke the Court's subject matter jurisdiction. Defendant asserts that the § 1983 claim is based solely upon Plaintiff's allegation that the order appointing Defendant as prosecutor pro tem is invalid, a question of state law. Thus, Defendant asserts that there is no federal question present before the Court. Defendant also asserts that Plaintiff failed to "specifically or factually" allege actions by Defendant within the two-year statute of limitations period for § 1983 claims. According to Defendant, Plaintiff alleges in his Amended Complaint that all acts complained of by Defendant occurred after the indictment on December 19, 2019. However, Defendant asserts that the acts alleged by Plaintiff are claimed to have either occurred prior to December 13, 2019, or on a date

---

[13] Compl., Doc. No. 12 at 5.
[14] Compl., Doc. No. 12 at 1–2, 8–9.
[15] Def.'s Mot. Dismiss Pl.'s Amend. Compl., Doc. No. 14.

unspecified. Therefore, Defendant argues that Plaintiff fails to allege claims that accrued within the limitations period, and asserts the same argument as it pertains to Plaintiff's state law claims for malicious prosecution and abuse of process.

Defendant next asserts qualified immunity as an affirmative defense. Defendant states that Plaintiff has failed to meet his burden to allege specific facts, which would, if true, establish that no reasonable official in Defendant's position could have believed that the actions taken were lawful. Defendant further asserts he is entitled to prosecutorial immunity. Defendant argues that Plaintiff's own pleadings establish there was probable cause for his indictment and arrest. Therefore, Defendant asserts there can be no violation of his rights under the Fourth Amendment. As to Plaintiff's due process claim brought under the Fourteenth Amendment, Defendant argues there is no factual support in the pleadings.

In his Response, Plaintiff asserts that the Court should deny Defendant's motion, and argues that his Amended Complaint sufficiently alleges claims pursuant to 42 U.S.C § 1983 in which Defendant violated his constitutional rights, that Defendant's actions amounted to malicious prosecution, and that Defendant subjected Plaintiff to an abuse of process.[16] Plaintiff asserts that the Court has subject matter jurisdiction over his § 1983 claim. Plaintiff does not dispute the validity of Defendant's appointment as prosecutor pro tem, but asserts that Defendant used his appointment in one case to improperly pursue Plaintiff in violation of his right to due process, freedom from unreasonable search and seizure, and freedom from an improper warrant. In response to Defendant's statute of limitations argument, Plaintiff states that his claims are not barred by the applicable statute of limitations. Specifically, that malicious prosecution is governed by a one-year statute of limitations, which began to run on December 14, 2020, the date his

---

[16] Pl.'s Resp., Doc. No. 21 (Plaintiff clarifies that he is not asserting a claim for false arrest).

5

criminal prosecution ended. Plaintiff states he is not seeking redress for any conduct that occurred prior to December 19, 2019. As to Defendant's claim to qualified immunity, Plaintiff states that Defendant's actions were unreasonable under the circumstances. Plaintiff states there is no reasonable explanation as to why an attorney appointed as prosecutor pro tem in one case would pursue a criminal proceeding in another. Finally, Plaintiff asserts that Defendant is not entitled to prosecutorial immunity because he acted outside the scope of his appointed prosecutorial duties and without authority in his wrongful pursuit of the criminal proceeding against him.

In his Reply, Defendant states that Plaintiff's Complaint does not meet the pleading standards necessary to survive a Rule 12(b)(6) challenge.[17] Defendant states that Plaintiff's complaint is replete with conclusory allegations and is devoid of specific factual support. Defendant argues that by pleading the indictment, that Plaintiff pleads himself out of his purported claims. Specifically, Defendant asserts that Plaintiff was indicted by a Grand Jury—not Defendant, and Plaintiff's arrest warrant was issued by a judge—not Defendant. Thus, Defendant argues that an indictment forecloses the question of probable cause and that Plaintiff's Amended Complaint refers to unspecified action and conduct by Defendant to support his allegations. Defendant further asserts that to the extent Plaintiff has sufficiently stated a claim, there are no allegations in the record that Defendant acted as an investigator to remove his actions from the protection of prosecutorial immunity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal where a plaintiff fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most

---

[17] Def.'s Reply, Doc. No. 23.

favorable to the plaintiff.'" *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quoting *In re Katrina Canal Breaches Litig.* , 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964–65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). On a motion to dismiss for failure to state a claim, a district court's review is limited to the complaint, documents incorporated into the complaint by reference that are central to the plaintiff's claims, and matters of which a court may take judicial notice. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).[18]

## ANALYSIS

Defendant raises three grounds in his Motion to Dismiss. First, Defendant argues that Plaintiff's claims are barred by the statute of limitations. Second, Defendant argues that Plaintiff's claims are not adequately supported by specific factual allegations. Third, Defendant asserts that even if Plaintiff's pleading is sufficient, his claims must fail because Defendant is entitled to both

---

[18] The transcript, indictment, court orders, and other records considered in this Report and Recommendation were either attached to the Complaint as exhibits, judicially noticed public records, or referenced in the Amended Complaint. *See e.g.*, Pl.'s Exs., Doc. Nos. 12-1–12-3.

prosecutorial and qualified Immunity. The Court will address each of Defendant's arguments for dismissal in turn.

### A. Statute of Limitations

Limitations is an affirmative defense. *See* FED. R. CIV. P. 8(c)(1). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Section 1983 and abuse of process claims are governed by a two-year statute of limitations.[19] "Under federal law, a [§ 1983] claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001), *cert. denied,* 534 U.S. 820 (2001)). Claims for malicious prosecution are subject to a one-year limitations period that begins to run when the underlying criminal prosecution ends.[20]

Plaintiff's criminal proceeding ended on December 14, 2020, and Plaintiff filed his original complaint on December 13, 2021. Therefore, Plaintiff's malicious prosecution claim is timely. As to Plaintiff's Section 1983 and abuse of process claims, Plaintiff alleges that he became aware that Defendant's actions violated his constitutional rights on or after December 19, 2019. This allegation, considered together with the transcript and criminal docket attached thereto, provide specific dates and admitted conduct by Defendant during the applicable period. Thus, on the face of the pleadings, Plaintiff's § 1983 and abuse of process claims are not barred by the statute of limitations.

---

[19] See *Internet Corporativo S.A. de C.V. v. Bus. Software All., Inc.*, No. CIV.A. H-04-2322, 2004 WL 3331843, at *8 (S.D. Tex. Nov. 15, 2004) ("Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to 42 U.S.C. § 1983.").
[20] *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.002 (West 1986).

### B. Section 1983 Claim

Title 42 U.S.C. § 1983 does not grant substantive rights, but provides a vehicle for a plaintiff to vindicate rights protected by the United States Constitution and other federal laws. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). It provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by a "person" acting under color of state law. *Id.* at 315.

Whether a plaintiff has a viable § 1983 claim requires examining two separate issues. *Hartman v. Walker*, No. CV 1:13-CV-355, 2015 WL 5470261, at *14 (E.D. Tex. Sept. 16, 2015), *aff'd*, 685 F. App'x 366 (5th Cir. 2017). First, a court must determine whether a plaintiff's pleadings contain enough facts to plausibly allege that his constitutional rights were violated. *Id.* Second, assuming a plaintiff has stated a claim, the court must also determine whether some form of immunity applies. *Id.*

#### a. Fourth Amendment: Unlawful Seizure

Plaintiff asserts that Defendant caused him to be "unreasonably and unlawfully detained" in violation of the Fourth Amendment.[21] A person is "seized" for Fourth Amendment purposes "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19, n.16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Likewise, voluntary submissions to a show of state authority can constitute seizures for Fourth Amendment purposes. *McLin v. Ard*, 866 F.3d 682, 692 (5th Cir. 2017) (holding that seizure occurred after voluntary surrender pursuant to an arrest warrant).

---

[21] This is a legal conclusion that is not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678–79. Rather, the Court must consider Plaintiff's factual allegations. *Id.*

9

Plaintiff's seizure occurred pursuant to an arrest warrant which required probable cause.[22] Thus, for Plaintiff's unreasonable seizure claim to survive a motion to dismiss, his allegations must make plausible that probable cause was lacking to arrest him. "A grand-jury indictment establishes probable cause." *Trois v. Long*, 362 F. App'x 399, 401 (5th Cir. 2010) (unpublished) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)). When a grand jury has returned an indictment based on the facts supporting the arrest, that independent decision "breaks the causal chain and insulates the initiating party," even where the initiating party acted with malice. *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988) (internal quotation marks omitted) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)). The Fifth Circuit conditions the break in causation on a full presentation of the facts to the intermediary. "[T]he chain of causation is broken only where all the facts are presented to the grand jury, or other independent intermediary where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary." *Fisher v. Cervantes*, No. 9:10-CV-110, 2011 WL 5513439, at *11 (E.D. Tex. Sept. 12, 2011), *report and recommendation adopted*, No. 9:10-CV-110, 2011 WL 5513388 (E.D. Tex. Nov. 9, 2011) (citing *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir.1988)). In other words, a plaintiff challenging probable cause must allege that the deliberations of the intermediary were tainted by the actions of the defendant. *Id.*

Plaintiff asserts that his detention was without probable cause because Defendant lacked the authority to pursue the criminal proceeding against him. Plaintiff apparently also alleges that the grand jury indictment did not constitute probable cause as a matter of law because it was tainted by Defendant's bad faith and malicious conduct. Plaintiff alleges that Defendant's "ulterior motive" in pursuing the criminal action against him was to compile more prosecutions and criminal

---

[22] Plaintiff does not assert a claim for false arrest. *See* Pl.'s Resp., Doc. No. 21 at 9 ¶ 29.

cases in support of Defendant's "upcoming contemplated run for Gregg County District Attorney."[23] Plaintiff alleges that Defendant sought to expand his power and acted outside of his appointed role, to pursue the indictment against Plaintiff.[24] Defendant argues that Plaintiff cannot claim a violation of the Fourth Amendment because the indictment was returned by a grand jury, thereby foreclosing the question of probable cause. *Gonzalez v. Trevino*, ___ F.4th ____, 2022 WL 3009351, *2 n.1 (5th Cir. July 29th, 2022) (citing *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 553 (5th Cir. 2016) (holding that the independent-intermediary doctrine only "becomes relevant when ... a plaintiff's claims depend on a lack of probable cause to arrest him")).Thus, in this case, Plaintiff's "unlawful seizure claim" is based on the alleged absence of probable cause resulting from Defendant's presentation of evidence to a grand jury. However, Plaintiff does not allege that the grand jury was not privy to all the facts or that Defendant withheld any relevant information from the grand jury. In fact, Plaintiff does not allege any facts which would support a claim that Defendant, by "omission or commission" misdirected the grand jury's deliberations. Mere allegations of "taint," absent other facts supporting the inference are not sufficient to survive a Rule 12(b)(6) motion to dismiss. *Polnac v. City of Sulphur Springs*, No. 4:20-CV-666, 2022 WL 1297184, at *4 (E.D. Tex. Apr. 29, 2022) (quoting *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017)). Moreover, Plaintiff cites to no authority to support the proposition that probable cause is lacking if the grand jury returns an indictment after evidence is presented by a prosecutor [pro tem] who lacks the authority to do so.

Based on the record before the Court, even if Defendant had a "malicious motive" in bringing the case to the grand jury, the chain of causation was broken once the grand jury handed down the indictment. Therefore, Plaintiff has failed to state a claim for unlawful seizure because

---

[23] Compl., Doc. No. 12, at 11 ¶ 44.
[24] *Id.* at 8 ¶ 33.

an arrest supported by probable cause does not run afoul of the Fourth Amendment as a matter of law.

### b. Fourth Amendment: Unlawful Warrant

Plaintiff also asserts that Defendant wrongfully caused a warrant to issue from an indictment against him. Plaintiff claims that Defendant "fabricat[ed] authority to cause [Plaintiff] to be detained, coercing and misleading others in [the] execution of the warrant against [him]."[25] As discussed above, an arrest warrant supported by probable cause, forecloses a violation of the Fourth Amendment. However, "a Fourth Amendment violation may be established where an officer intentionally, or with reckless disregard for the truth, includes a false statement in a warrant application," which causes the issuance of a warrant without probable cause. *Hartman v. Walker*, No. CV 1:13-CV-355, 2015 WL 5470261, at *24 (E.D. Tex. Sept. 16, 2015), *aff'd*, 685 F. App'x 366 (5th Cir. 2017) (quoting *Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir.2006)).

Plaintiff does not allege any facts to support this contention. For example, apart from Plaintiff's argument that Defendant lacked the authority to act on behalf of the State, Plaintiff does not state what, if any, coercive or misleading actions Defendant allegedly took to obtain the warrant for his arrest.[26] Plaintiff's conclusory allegation, without more, is insufficient to state a claim.[27]

### c. Fourteenth Amendment: Deprivation of Liberty & Property

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law. This amendment confers both substantive and procedural protections. *See Breiner v. City*

---

[25] Compl., Doc. No. 12 at 8–9, ⁋35.
[26] *See Hartman*, 2015 WL 5470261 at *24; *Kalina v. Fletcher*, 522 U.S. 118, 129–30 (1997) (holding that a prosecutor was not entitled to [prosecutorial] immunity in drafting an affidavit attached to an arrest warrant).
[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

*of Beaumont, Tex.*, No. 1:10-CV-531, 2013 WL 775421 (E.D. Tex. Jan. 25, 2013), *report and recommendation adopted,* No. 1:10-CV-531, 2013 WL 775596 (E.D. Tex. Feb. 28, 2013) (citing *Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality opinion)). Procedural due process is met when a state employs sufficient procedures when depriving a person of life, liberty, or property. *Id.* "The substantive protection, while not easily defined, is generally understood as protecting against arbitrary and capricious action by government, regardless of the procedures employed." *Id.*

In his Amended Complaint, Plaintiff asserts that Defendant deprived him of his liberty and property in violation of the Fourteenth Amendment by pursuing the criminal proceeding against him. However, it is unclear whether Plaintiff is asserting a procedural or substantive due process claim. *Albright v. Oliver*, 510 U.S. 266, 268 (1992). In *Albright*, the Court held that when an individual is charged and arrested without probable cause, but makes no claim that his procedural due process rights have been violated, his claim, if any, is under the Fourth Amendment. There is no Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause. *See id.* at 269-71.

Plaintiff does not specifically allege that he was deprived of procedural due process, and the Court has addressed Plaintiff's claims related to prosecution without probable cause under the Fourth Amendment *supra*. To the extent Plaintiff claims he was deprived of his property without due process, his claim fails because Plaintiff has not alleged any facts to show a constitutionally cognizable interest. To the extent that Plaintiff argues that the indictment and subsequent arrest negatively affected his reputation, character, and credibility, this is in effect a claim of defamation which is a tort under Texas state law. *Stuart v. Prince*, No. 5:15-CV-105, 2015 WL 10488076 (E.D. Tex. Dec. 7, 2015), *report and recommendation adopted*, No. 5:15-CV-105, 2016 WL

1031220 (E.D. Tex. Mar. 15, 2016). There is no federal constitutional right to be free from defamation or slander. *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("While a State may protect against injury to reputation through its tort laws, a person's reputation does not implicate a liberty or property interest of the sort protected by the Due Process Clause").

For those reasons Plaintiff has failed to state a claim predicated on a violation of his rights under the Fourteenth Amendment. Further, it does not appear that any amendment can cure this defect. Therefore, the Court recommends that these claims against Defendant be dismissed with prejudice.

### C. Defendant's Entitlement to Immunity

In his motion Defendant asserts that he is entitled to absolute prosecutorial immunity for his actions. Alternatively, Defendant asserts qualified immunity as an affirmative defense. As discussed above, Plaintiff has failed to allege sufficient facts to state a claim pursuant to Section 1983 for violations of his rights under either the Fourth or Fourteenth Amendments, and it appears that any revision would be futile. Accordingly, the undersigned need not reach the issue of immunity.

However, qualified immunity is "an immunity from suit rather than a mere defense to liability," and Plaintiff has likewise failed to carry his burden to overcome the defense of qualified immunity because his allegations fail to demonstrate that Defendant violated Plaintiff's clearly established federal constitutional rights. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Plaintiff asserts claims for the "constitutional torts" of "unlawful seizure" and "unlawful warrant," both of which require a showing of no probable cause. *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001), *cert. denied*, 534 U.S. 817 (2001). As discussed above, Plaintiff has failed to allege sufficient facts to state a claim for relief pursuant to Section 1983, predicated on violations of his rights under

14

either constitutional amendment. Plaintiff was indicted by a grand jury, which establishes probable cause as matter of law. Further, an arrest warrant supported by probable cause, forecloses a violation of the Fourth Amendment.

The threshold immunity question is whether Plaintiff has alleged a clear constitutional harm. Because he has not, Defendant is entitled to qualified immunity for his actions, and the Court recommends that Plaintiff's claims be dismissed. Accordingly, the Court does not reach Defendant's entitlement to prosecutorial immunity.

## RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 14). The Court recommends that Plaintiff's Complaint be dismissed with prejudice as to Plaintiff's § 1983 claim predicated on violations of the Fourteenth Amendment. The Court further recommends that Plaintiff be given leave to amend his § 1983 claim based upon violations of the Fourth Amendment. Should Plaintiff choose to do so, he must explicitly state how Defendant was involved in the alleged facts giving rise to his § 1983 claim and include factual allegations that defeat a qualified immunity defense. Should Plaintiff successfully re-plead any of his federal law claims, this Court would have federal question jurisdiction and, as such, supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a). The Court, however, is not required to exercise supplemental jurisdiction over these claims.

Within fourteen days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b). A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party

from de novo review by the District Judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of August, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE