IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BRADLEY RYAN ROOP, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CASE NO. 6:21-CV-00482-JCB-KNM |
| JOHN MOORE, | § § § | |
| *Defendant*. | § § § § | |

**REPORT & RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. No. 30. Defendant seeks dismissal of Plaintiff's Second Amended Complaint (Doc. No. 28) pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' pleadings and the relevant law, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **GRANTED**.

**BACKGROUND**

This matter arises out of a criminal proceeding in Harrison County, Texas.[1] In November 2018, Plaintiff, then a Harrison County Sheriff's Deputy, was implicated in a § 1983 action involving the alleged excessive use of force by another Harrison County Sheriff's Deputy, Charles Dotson.[2] According to Plaintiff, he and several other officers were implicated, but Plaintiff ultimately incurred no liability.[3] However, the incident was subsequently investigated by the

---

[1] *The State of Texas v. Bradley Ryan Roop*, Cause No. 19-0438X, Pl.'s Ex. 1, Doc. No. 12-1.
[2] Compl., Doc. No. 12 at 3-5; 2d Amend. Compl., Doc. No. 28 at ¶ 11; Def.'s Answer, Doc. No. 29, ¶ 4.
[3] 2d Amend. Compl., Doc. No. 28 at ¶ 12.

1

Harrison County Texas District Attorney's Office, which resulted in an indictment against Sheriff's Deputy Dotson.[4] Close to the return of Dotson's indictment, District Attorney Reid McCain recused himself, citing a conflict.[5] The 71st District Court of Harrison County, Texas, issued an order granting the recusal request and appointing Defendant Moore as the Prosecutor Pro Tem ("PPT") in Cause No. 19-0154X.[6] After Defendant was appointed PPT for Dotson's case, three more indictments were returned, one of which was an indictment against Plaintiff for Cause No. 19-0438X issued on or about December 19, 2019.[7]

A warrant was issued for Plaintiff's arrest on February 14, 2020, and Plaintiff was arraigned on March 10, 2020.[8] At the August 20, 2020, pretrial hearing before the Honorable Judge Brad Morin, Defendant Moore appeared on behalf of the State of Texas.[9] Plaintiff's criminal defense attorney, Kenneth Biggs, noted for the record that Defendant Moore had not been appointed PPT in Plaintiff's criminal case. In response, Defendant Moore stated that he had presented the case to the grand jury that resulted in the three additional indictments, and that he thought he was appointed for all indictments coming out of the Dotson incident.[10] Defendant acted as the PPT in Plaintiff's case until a PPT was appointed to the case on October 6, 2020.[11] Plaintiff's criminal case was ultimately dismissed on December 14, 2020.[12]

## PROCEDURAL BACKGROUND

The Court issued a report, recommending Plaintiff's complaint be dismissed on August 15, 2022 (Doc. No. 26), that was accepted by the District Court on September 6, 2022 (Doc. No. 27).

---

[4] Cause No. 19-0154X.
[5] *Id*. at ¶ 13; Def.'s Answer, Doc. No. 29 at ¶ 6.
[6] *Id*. at ¶ 14; Def.'s Answer, Doc. No. 29 at ¶ 6.
[7] *Id*. at ¶ 15; Def.'s Answer, Doc. No. 29 at ¶ 6.
[8] Register of Actions, Cause No. 19-0483X, *The State of Texas v. Bradley Ryan Roop*, Pl.'s Ex. 3, Doc. No. 12-3.
[9] Transcript Record, Cause No. 19-0438X, *The State of Texas vs. Bradley Ryan Roop*, Pl.'s Ex. 1, Doc. No. 12-1.
[10] *Id*. at 5.
[11] Ord. App. Atty. Pro Tem, *The State of Texas v. Bradley Ryan Roop*, Pl.'s Ex. 2, Doc. No. 12-2.
[12] Cause No. 19-0438X.

Plaintiff's Fourteenth Amendment § 1983 claim was dismissed with prejudice, and plaintiff was given leave to amend his Fourth Amendment § 1983 claim "to expressly state how defendant was involved in the alleged facts giving rise to the claim and include factual allegations that defeat a qualified immunity defense."[13] Plaintiff filed his Second Amended Complaint on September 15, 2022.[14,15] Defendant answered and filed the instant Motion to Dismiss on September 23, 2022.[16]

## LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court credits allegations in plaintiff's complaint as true except to the extent allegations are controverted by a defendant's affidavits. *Nunes v. NBCUniversal Media, LLC*, 2022 U.S. Dist. LEXIS 16164, at *4-5 (E.D. Tex. 2022). The Court does not need to credit conclusory allegations, even when uncontroverted. *Applied Food Scis., Inc. v. New Star 21, Inc.*, 2009 WL 9120113, at *2 (W.D. Tex. 2009) (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.*  Second, the Court considers the remaining "well-pleaded factual allegations." *Id.*  The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  A plaintiff's complaint survives a

---

[13] Ord. Adopting Report and Recommendation, Doc. No. 27 at 1.
[14] 2d Amend. Compl., Doc. No. 28.
[15] For the purpose of the Motion to Dismiss (Doc. No. 30), Plaintiff's timely filed Second Amended Complaint (Doc. No. 28) is substantively identical to Plaintiff's previous Amended Complaint (Doc. No. 12). Therefore, the Court incorporates by reference the analysis of Plaintiff's Amended Complaint and Defendant's Motion to Dismiss (Doc. Nos. 12 and 14) contained within the Report and Recommendation (Doc. No. 26) adopted by the District Court (Doc. No. 27).
[16] Doc. Nos. 29, 30.

defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level" (internal citations omitted). *Id*. In other words, the Court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," fail to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 663.

## ANALYSIS

Plaintiff alleges violations of his rights under the Fourth Amendment and 42 U.S.C. § 1983 and state law claims for malicious prosecution and abuse of process.[17] Plaintiff asserts that Defendant's exercise as PPT violated the Plaintiff's clearly established rights under the United States Constitution to: (i) the right to due process by law; (ii) freedom from unreasonable seizure of his person; (iii) freedom from an improper warrant; and (iv) deprivation of liberty.[18]

Defendant argues that Plaintiff's Complaint should be dismissed based on the following six grounds: (1) that the Court lacks jurisdiction over Plaintiff's state law claims;[19] (2) that Plaintiff's claims are barred by applicable statute of limitations;[20] (3) that Defendant is entitled to qualified immunity;[21] (4) that Defendant is entitled to prosecutorial immunity;[22] (5) that Plaintiff's claims are not adequately supported by factual allegations;[23] and (6) that the state law claims included in the Complaint exceed the Court's leave to amend.[24]

---

[17] 2d Amend. Compl., Doc. No. 28 at ¶ 26-44.
[18] *Id*. at ¶ 27.
[19] (Doc. No. 30 at ¶¶1, 11)
[20] (*id*. at ¶¶ 2, 14)
[21] (*id*. at ¶¶ 3, 15)
[22] (*id*. at ¶¶ 4, 18)
[23] (*id*. at ¶¶ 5, 17)
[24] (*id*. at ¶ 6)

Plaintiff failed to file a response in opposition to Defendant's Motion to Dismiss. Pursuant to Local Rule CV-7(d), a party's failure to oppose a motion "creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Therefore, the Court's analysis presumes Plaintiff does not controvert facts set out in Defendant's Motion to Dismiss, and that Plaintiff has no evidence to offer in opposition to the motion.

I. **Factual Allegations Supporting Plaintiff's § 1983 Claim**

Title 42 U.S.C. § 1983 provides a cause of action for individuals who have been "depriv[ed] of [their] rights, privileges, or immunities secured by the Constitution and laws" of the United States by someone acting under color of state law. *Albright v. Oliver*, 510 U.S. 266, 315 (1994). Whether a plaintiff has a viable § 1983 claim is a two-prong analysis. *Hartman v. Walker*, No. 1:13-CV-355, 2015 WL 5470261, at *14 (E.D. Tex. Sept. 16, 2015), *aff'd,* 685 F. App'x 366 (5th Cir. 2017). First, a court must determine whether a plaintiff's pleadings contain enough facts to plausibly allege that his constitutional rights were violated. *Id*. Second, assuming a plaintiff has stated a claim, a court must determine whether the claim is barred by qualified or prosecutorial immunity. *Id*.

Plaintiff was given leave to amend his Fourth Amendment § 1983 claim "to expressly state how defendant was involved in the alleged facts giving rise to the claim and include factual allegations that defeat a qualified immunity defense."[25] Plaintiff asserts that Defendant "wrongfully caused a warrant to issue against Plaintiff" and "wrongfully caused Plaintiff to be detained" as Defendant had no authority in pursuing the criminal proceeding against Plaintiff.[26] According to Plaintiff, Defendant's actions were not "objectively reasonable in light of clearly

---

[25] Ord. Adopting Report and Recommendation, Doc. No. 27 at 1.
[26] 2d Amend. Compl., Doc. No. 28 at ¶ 31.

5

established law" and were "undertaken with malice, willfulness and direct indifference" to Plaintiff's rights.[27,28] Plaintiff further alleges that Defendant "engaged in deliberative, arbitrary, and conscience-shocking behavior by fabricating authority to cause [Plaintiff] to be detained, coercing and misleading others in execution of the warrant against [Plaintiff], and pursuing the action against [Plaintiff] without authority or any jurisdiction to do so."[29]

Here, Plaintiff does not "expressly state how defendant was involved in the alleged facts giving rise to the claim"[30] and relies exclusively upon conclusory statements. *See Panda Brandywine Corp.*, 253 F.3d at 868 (stating that the Court need not credit conclusory allegations, even when uncontroverted). Plaintiff's detainment occurred after a warrant issued subsequent to indictment by a grand jury.[31] Absent more and because a grand jury indictment establishes probable cause, Plaintiff was detained following a valid warrant issued pursuant to probable cause. *See Trois v. Long*, 362 F. Appx 399, 401 (5th Cir. 2010) (unpublished) (citing *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975)); *see also Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988). In this case, in challenging the existence of probable cause, Plaintiff must allege that the deliberations of the grand jury were tainted by the conduct of Defendant in some way, usually by withholding relevant evidence from the grand jury. *See Fisher v. Cervantes*, No. 9:10-CV-110, 2011 WL 5513439, at *11 (E.D. Tex. Sept. 12, 2011), *report and recommendation adopted by*, 2011 WL 5513388 (E.D. Tex. Nov. 9, 2011) (citing *Hand*, 838 F.2d at 1428). Plaintiff does not plausibly allege any such conduct by Defendant.[32]

---

[27] *Id*.
[28] The foregoing are legal conclusions that are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678-79. Rather, the Court considers Plaintiff's factual allegations.
[29] *Id*. at ¶ 33.
[30] *See* Ord. Adopting Report and Recommendation, Doc. No. 27 at 1.
[31] *See* 2d Amend. Compl., Doc. No. 28 at ¶ 15; Mot. to Dismiss, Doc. No. 30 at ¶¶ 9, 19.
[32] *See* 2d Amend. Compl., Doc. No. 28, *generally*; *see also* Mot. to Dismiss, Doc. No. 30 at ¶¶ 19-20.

Plaintiff has alleged no facts showing how Defendant was involved in wrongfully causing a warrant to issue or wrongfully causing Plaintiff to be detained beyond mere conclusory statements. Therefore, Plaintiff has not satisfied the first prong of the § 1983 analysis requiring that Plaintiff's pleadings contain enough facts to plausibly allege that his constitutional rights were violated. *See Hartman*, 2015 WL 5470261, at *14. Accordingly, Plaintiff's § 1983 claim cannot survive Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. Jurisdiction Over State Law Claims

Because Plaintiff's Fourth Amendment claim is not adequately supported by factual allegations, Plaintiff lacks federal question jurisdiction from which the Court may exercise pendant jurisdiction over Plaintiff's state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Therefore, Plaintiff's state law claims for malicious prosecution and abuse of process must be dismissed for lack of jurisdiction.

Accordingly, the Court need not reach the issues of whether Plaintiff's claims are barred by the applicable statute of limitations, whether Defendant is entitled to qualified or prosecutorial immunity, or whether Plaintiff's state law claims exceeded the Court's leave to amend his Complaint.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion to Dismiss (Doc. No. 30) be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(6) and that Plaintiff's 42 U.S.C. § 1983 claim be dismissed with prejudice. Because Plaintiff lacks a federal cause of action, the Court further **RECOMMENDS** Plaintiff's state law claims for Malicious Prosecution and Abuse of Process be dismissed for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of December, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE